UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) | |
| Plaintiff, ) | Civil Action No. 11-cv-5223 |
| ) v. ) ) | HON. JEFFREY T. GILBERT |
| STEPHEN D. FERRONE, ET AL., ) ) | |
| Defendants. ) ) | |

**SEC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1
TO PRECLUDE DEFENDANT FROM OFFERING EVIDENCE OR ARGUMENT
AT TRIAL THAT HE REASONABLY RELIED ON ADVICE OF COUNSEL
<u>OR THE INVOLVEMENT OF LAWYERS OR OTHER PROFESSIONALS</u>**

Eric M. Phillips
Alyssa A. Qualls
Tracy W. Lo
United States Securities and
   Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604-2615
Telephone: (312) 353-7390
Fax: (312) 353-7398

*Attorneys for Plaintiff United States
Securities and Exchange Commission*

Plaintiff, the United States Securities and Exchange Commission ("SEC"), respectfully submits this Memorandum of Law in Support of its Motion *in Limine* No. 1 to preclude Defendant Stephen D. Ferrone ("Ferrone") from offering any evidence or argument at trial that he reasonably relied on advice of counsel or the involvement of lawyers or other professionals in preparing Immunosyn's public statements and SEC filings.

## **PRELIMINARY STATEMENT**

This case concerns a fraud by Ferrone in making, or aiding and abetting the making of, materially false and misleading statements about the regulatory approval status of Immunosyn Corporation's ("Immunosyn") sole product, a drug called "SF-1019." At a recent status conference before the Court, Ferrone conceded that while he was not formally raising an advice of counsel defense, he intends to present at trial evidence of his supposed good faith due to the involvement of counsel and other professionals in preparing Immunosyn's public statements and SEC filings. This purported defense appears to be based largely on the participation of (a) outside securities counsel, (b) a regulatory consulting firm in overseeing Immunosyn's application to the U.S. Food and Drug Administration ("FDA"), (c) a public relations firm reviewing draft press releases, and (d) Immunosyn's auditors. Because Ferrone cannot meet his burden of establishing an advice of counsel defense, the SEC seeks to preclude Ferrone from presenting evidence or argument regarding the involvement of counsel and other professionals through the back door under the guise of his alleged good faith. Such evidence is only relevant if Ferrone contends that he relied on the advice of such professionals, which he denies.

It is well established that the defense of reasonable reliance on the advice of counsel requires that a defendant make complete disclosure of his conduct to counsel, seek advice on

the legality of his conduct, receive advice that his conduct is legal, and rely on that advice in good faith. *See, e.g., Markowski v. SEC*, 34 F.3d 99, 105 (2d Cir. 1994); *SEC v. Enterprises Solutions, Inc.*, 142 F. Supp. 2d 561, 576 (S.D.N.Y. 2001). Ferrone testified that he never had any discussions with SEC counsel "regarding the disclosure of the clinical hold relating to the 2006 IND application" and could not recall any discussion with counsel "regarding disclosure of the status of the IND application that had been filed in 2006." (Ex. 6, Ferrone Dep. at 158:14-159:7.) In response to interrogatories, however, Ferrone stated that it was his understanding and belief that counsel, auditors, and other professionals for Immunosyn were aware of all material facts (known to Immunosyn) and participated in all decisions concerning the disclosure of the regulatory approval status of SF-1019. (*See*, *e.g.*, Ex. 1, Ferrone's Answer to SEC's Second Set of Interrogs., at 1-3.) Given that Ferrone does not claim to have relied on any specific legal advice (and cannot meet *his* burden of establishing the elements of an advice-of-counsel defense in any event), he should not be allowed to make an end-run around the defense's requirements and present evidence that lawyers and other professionals were involved in decision-making about Immunosyn's disclosures. Such evidence is irrelevant and would only mislead and confuse the jury and unfairly prejudice the SEC's case.

## BACKGROUND

Ferrone was the President and CEO of Immunosyn, a now defunct public biopharmaceutical company whose sole business was to market and sell SF-1019. The SEC alleges that Ferrone made, or aided and abetted the making of, various misstatements and omissions in Immunosyn's SEC filings (which Ferrone signed and certified) and public statements (in press releases and a video presentation that Ferrone reviewed, approved, or was quoted in). The SEC contends that these statements were materially misleading because they

omitted to state that Argyll Biotechnologies, LLC ("Argyll Biotech"), Immunosyn's controlling shareholder, had submitted Investigational New Drug ("IND") applications and that the FDA had responded by issuing "clinical holds," which immediately halted clinical trials for SF-1019 from going forward.

Ferrone has not raised an advice of counsel defense in his Answer to the Complaint. He also did not list Sarah Hewitt, Immunosyn's only securities counsel during Ferrone's tenure as President and CEO, as a potential witness with relevant knowledge in his initial or supplemental disclosures. (Ex. 2, Ferrone's Initial Disclosures at 1-2; Ex. 3, Ferrone's Supplemental Initial Disclosures, at 1-2.) Instead, he has staked out an amorphous position that he was generally aware through others (not through any direct communications) of the involvement of counsel and other professionals in preparing Immunosyn's disclosures. For example, in response to an interrogatory about whether Ferrone "consult[ed] with any professionals, including without limitation attorneys and accountants, about whether the [2008] IND application should be disclosed in Immunosyn's public filings," Ferrone stated that:

> it was his understanding and belief from others associated with Immunosyn or Argyll (including but not limited to Jim Miceli, Todd Ollendorff and Doug McClain, Jr.) that counsel, auditors and other professionals for Immunosyn and/or Argyll (including Becker & Associates and The Blaine Group) were aware of all material facts known to Immunosyn pertaining to the regulatory status of any INDs for SF-1019, and that counsel, auditors and/or those other professions were involved in any and all decisions concerning the disclosure of information pertaining to the regulatory status of any INDs for SF-1019 to the extent that information was known to Immunosyn. Ferrone does not recall having had any direct, one-on-one communications with any other "professionals" regarding this topic.

(Ex. 1, Ferrone's Answer to SEC's Second Set of Interrogs., No. 3 at 2-3; see also *id*. No. 1, at 1-2 (providing same answer to interrogatory about 2006 IND application).)

Ferrone elicited testimony in depositions in support of this wide-ranging and vague participation of counsel and other professionals theory. In response to questions by Ferrone's counsel, Mr. Ollendorff testified that (a) SEC counsel Sarah Hewitt reviewed all draft press releases (Ex. 4, Ollendorff Dep. at 225:6-10) over the course of multiple hours (*id.* at 208:4-5) and provided handwritten and typed comments (*id.* at 207:12-22); (b) Becker and Associates, Immunosyn's regulatory consultant, and the Blaine Group, its public relations firm, reviewed draft press releases on multiple occasions (*id.* at 201:1-203:1); (c) Mr. Ollendorff never "consciously omitted any material information from any of those experts" (*id.* at 204:19-24); (d) Mr. Ollendorff did not believe that Ferrone ever "h[e]ld[] back any material information from any of those third party experts," (*id.* at 205:21-22). When the SEC tried to inquire as to the substance of the communications with counsel, Doug McClain Jr., Ferrone's co-defendant, objected on attorney-client privilege grounds. (S*ee, e.g., id.* at 116:18-117:10, 261:13-262:8.) Similarly, Ferrone elicited from Robert Fougner, the former general counsel for the Argyll Group, that all of his conversations and emails concerning the clinical hold were protected by the attorney-client privilege. (Ex. 5, Fougner Dep. at 148:14-24; *see also* 41:18-24, 52:21-24, 66:13-19, 69:9-13, 76:21-23, 78:1-3, 83:8-12, 86:20-25 (McClain Jr. repeatedly objected to Fougner's testimony on privilege grounds).)

For his part, Ferrone testified that, in reviewing and approving Immunosyn's SEC filings, he "would review what had been provided me by Mr. Ollendorff at various stages of his communication with either the appropriate medical personnel, accounting, and/or legal personnel upon whom we relied to provide us our factual information and our advice." (Ex. 6, Ferrone Dep. 45:23-46:4.) Ferrone characterized the drafting of SEC filings and press releases and the review and approval of the contents of Immunosyn's website, as a "collective work" involving

4

Doug McClain Jr, Todd Ollendorff, SEC counsel Sarah Hewitt, doctors, medical personnel, accountants, and the PR firm. (*Id.* at 46:5-12; 48:19-22, 50:4-8.) Ferrone denied that he ever had any discussions with SEC counsel "regarding the disclosure of the clinical hold relating to the 2006 IND application" and could not recall any discussion with counsel "regarding disclosure of the status of the IND application that had been filed in 2006." (*Id.* at 158:14-159:7.)

## ARGUMENT

In a recent conference before the Court, Ferrone explicitly denied that he intends to raise a reliance on counsel (or other professionals) defense. Nevertheless, Ferrone indicated that he intends to rebut the allegation of scienter and demonstrate his purported good faith through evidence that attorneys and other professionals were generally involved in reviewing and approving all of Immunosyn's public statements and SEC filings. The Court should preclude Ferrone from referencing the involvement of counsel and other professionals because he cannot satisfy the relevant legal standard for the defense of good faith reliance on advice of counsel. Moreover, Ferrone should not be permitted to circumvent the elements of an advice of counsel defense by introducing evidence and/or argument that attorneys or other professionals read or reviewed certain documents without raising objections to Ferrone and Immunosyn's actions. Such evidence and argument will likely mislead and confuse the jury, waste time, and be far more prejudicial to the SEC's case than probative of a pertinent defense. In essence, this would just be a backdoor effort by Ferrone to assert reliance on counsel or other professionals without establishing the prerequisites to that defense.

5

### A.  Ferrone Cannot Satisfy His Burden Of Establishing An Advice Of Counsel Defense.

"[I]n the context of a civil securities action, reliance on advice of counsel 'is not a complete defense, but only one factor for consideration.'" *Enterprises Solutions*, 142 F. Supp. 2d at 576 (quoting *Markowski*, 34 F.3d at 105). The party asserting the advice of counsel defense bears the burden of establishing its essential elements. *Markowski*, 34 F.3d at 105. Thus, a defendant "must show that he (1) made complete disclosure to counsel, (2) sought advice as to the legality of his conduct, (3) received advice that his conduct was legal, and (4) relied on that advice in good faith." *Enterprises Solutions*, 142 F. Supp. 2d at 576; *see also Markowski,* 34 F.3d at 104-05 (articulating four-part test for reliance on advice of counsel defense); *In re Bank of Am. Corp. Sec., Derivative, and ERISA Litig.*, 09MD2058(PKC), 2011 WL 3211472, at *8 (S.D.N.Y. July 29, 2011) (same); *SEC v. Meltzer*, 440 F. Supp. 2d 179, 189 (E.D.N.Y. 2006) (same); *see also SEC v. McNamee*, 481 F.3d 451, 456 (7th Cir. 2007) ("It isn't possible to make out an advice-of-counsel defense without producing the actual advice [in a letter or live testimony] from an actual lawyer." (citing *Markowski*, 34 F.2d at 104-05)). "A party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; 'failure to do so constitutes a waiver of the advice-of-counsel defense.'" *Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001) (quoting *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F. Supp. 891, 894 (S.D.N.Y. 1990)). When a party asserts reliance on a professional (*i.e.*, accountant or auditor) who is not an attorney, the same legal test described above applies. *See, e.g.*, *SEC v. Goldsworthy*, No. 06-10012-JGD, 2008 WL 8901272, at *4 (D. Mass. June 11, 2008); *SEC v. Caserta*, 75 F. Supp. 2d 79, 94-95 (E.D.N.Y. 1999).

In the present case, Ferrone has never presented any evidence that he or anyone at Immunosyn sought and obtained a legal opinion that Immunosyn was not required to disclose the

6

clinical hold to investors. Ferrone did not raise the affirmative defense of advice of counsel in his answer and failed to identify Sarah Hewitt, Immunosyn's only SEC counsel during Ferrone's tenure there, as a person with knowledge in his initial or supplemental disclosures. (Ex. 2, Ferrone's Initial Disclosures at 1-2; Ex. 3, Ferrone's Supplemental Initial Disclosures, at 1-2.) Moreover, in response to interrogatories, Ferrone denied reliance on any direct communications with counsel or other professions and instead only pointed to the general involvement of advisors concerning the disclosure of SF-1019's regulatory approval status. (Ex. 1, Ferrone's Answer to SEC's Second Set of Interrogs., No. 3 at 2-3; see also *id*. No. 1, at 1-2.)

But Ferrone did more than simply fail to meet his burden of proof. Ferrone repeatedly invoked the attorney-client privilege to prevent the SEC from learning the substance of any legal advice. Ferrone withheld dozens of document from his production on the grounds of attorney-client privilege. (*See* Ex. L to Motion *in Limine* No. 2, Ferrone privilege log.) Ferrone stood silent and allowed Defendant Doug McClain Jr. to object on attorney-client privilege grounds to every effort by the SEC to obtain discovery about communications with counsel. (*See, e.g.*, Ex. 4, Ollendorff Dep. at 116:18-117:10, 261:13-262:8; Ex. 5, Fougner Dep. at 41:18-24, 52:21-24, 66:13-19, 69:9-13, 76:21-23, 78:1-3, 83:8-12, 86:20-25, 148:14-24.) Then, at the deposition of Doug McClain Jr., Ferrone formally objected to the use of certain emails containing purportedly privileged communications, arguing that Immunosyn's privilege had not been waived and that no party had challenged the assertion of privilege. (Ex. 7, McClain Jr. Dep. at 57:13-58:1.)

Ferrone never challenged the assertion of attorney-client privilege even though he, as a former officer of Immunosyn, stood in the exact same position as Doug McClain Jr.—neither had any standing to assert attorney-client privilege (or waive privilege) for a now defunct company. *See generally* SEC's Motion *in Limine* No. 2, at 7-8. Moreover, Ferrone did so in the

7

face of the SEC's position that the privilege no longer existed because Immunosyn is now defunct. (*Id.* at 58:25-60:18.) Under these circumstances, Ferrone cannot meet *his* burden of establishing any of the four elements of an advice-of-counsel defense. *See Enterprises Solutions,* 142 F. Supp. 2d at 576 (holding that simply providing information to counsel was insufficient to establish advice of counsel defense because defendant "never sought specific advice from counsel with respect to disclosure of the bankruptcy, nor did he receive specific advice that [the company] was not required to disclose the bankruptcy." ); *see also In re Bank of Am.* 2011 WL 3211472, at *8 ("'Good faith reliance on the advice of counsel means more than simply supplying counsel with information,' and in the securities context, a CFO, like other 'corporate executives,' has an independent duty to ensure compliance with disclosure obligations." (quoting *Enterprise Solutions*, 142 F. Supp. 2d at 576)); *Meltzer*, 440 F. Supp. 2d at 182, 189-90 (rejecting advice of counsel defense where nothing in record demonstrated that defendant "made a complete disclosure, nor [wa]s there any indication that counsel advised [defendant] that the conduct was appropriate" and defendant knew disclaimers were misleading).

**B.	Ferrone Should Not Be Permitted To Confuse The Jury And Unfairly Prejudice The SEC's Case By Presenting Irrelevant Evidence That Does Not Relate To A Viable Defense.**

Given that Ferrone has failed to carry his burden of establishing an advice of counsel defense, he should not be permitted to introduce evidence and argument highlighting the participation of attorneys and other professionals. Under Federal Rule of Evidence 401, evidence is only relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

8

jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Under these circumstances, evidence of review by attorneys and other professionals is irrelevant to any viable defense and would only mislead and confuse the jury, waste time, and be more prejudicial to the SEC's case than probative of any defense.

This very issue was raised in *Stoker* and *Tourre* and the court barred the defense from highlighting the participation of counsel. In *SEC v. Stoker*, No. 11-cv-7388 (JSR) (S.D.N.Y. July 23, 2012), the defense stated that it did not intend to present an advice of counsel defense, but then sought to elicit testimony about whether the flip book for the relevant transaction was sent to lawyers for review. Ex. 8, Trial Tr. at 971-73, *SEC v. Stoker*, No. 11-cv-7388 (JSR) (S.D.N.Y. July 23, 2012). The court held that evidence Stoker "believed that counsel had attested to the legal appropriateness of . . . [was] just another way of saying reliance on counsel." *Id.* at 978-79. The court was "troubled" by defense questions pointing out in-house and outside counsel, because of the "dangers of the jury misunderstanding the alleged purpose" of the questions. *Id.* at 980-81. The court therefore instructed defense counsel to no longer focus on counsel with their questions and to not even mention the words "counsel" or "lawyer." *Id.* at 985-87.

Similarly, in *SEC v. Tourre*, 950 F. Supp. 2d 666 (S.D.N.Y. 2013), the defendant argued that, while he did not intend to raise an advice of counsel defense, he intended to argue that there were many people with expertise involved in the transaction, including legal expertise, and that those individuals never raised the issue of making any further disclosures. *Id.* at 683-84. The court precluded such evidence and argument under Federal Rules of Evidence 401 and 403, reasoning that it "would be confusing and unduly prejudicial for Tourre to present evidence on the presence and involvement of lawyers—who are presumably paid to

9

ensure that any disclosures comply with the relevant legal requirements—while at the same time professing not to have relied on their advice in preparing or disseminating those disclosures." *Id.* at 684. The evidence was also irrelevant and would likely confuse the jury since "the fact that lawyers saw and commented on disclosure language could be understood [by a lay jury] as 'blessing' the sufficiency of that disclosure." *Id.* "This misunderstanding would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of providing any of the elements of the defense." *Id.*

      References of review by counsel or other professionals of public statements or SEC filings would equally mislead and confuse the jury in this case since it is not probative of any defense that Ferrone can establish. Moreover, it would be prejudicial to the SEC's case to allow Ferrone to introduce evidence that is only relevant to a defense for which Ferrone has the burden of proof, when he concedes that he has not even tried to meet its requirements (nor could he). Consequently, all evidence or argument concerning the presence of lawyers or other professionals should be precluded pursuant to Federal Rules of Evidence 402 and 403.

## **CONCLUSION**

For all the foregoing reasons, the SEC respectfully requests that the Court grant its Motion *In Limine* No. 1 and preclude Ferrone from presenting evidence or argument at trial that he reasonably relied on the advice of counsel or the involvement of lawyers or other professionals in preparing Immunosyn's public statements and SEC filings.

Dated: May 14, 2015                                   Respectfully Submitted,

**U.S. SECURITIES AND EXCHANGE COMMISSION**

*/s/ Alyssa A. Qualls*
Eric M. Phillips (IL Bar # 6237871)
Alyssa A. Qualls (IL Bar # 6292124)
Tracy W. Lo (IL Bar # 6270173)
175 W. Jackson Blvd., Suite 900
Chicago, IL  60604-2615
Telephone:  (312) 353-7390
Fax:  (312) 353-7398
phillipse@sec.gov
quallsa@sec.gov
lot@sec.gov
*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

      I, Alyssa A. Qualls, hereby certify that, on May 14, 2015, I caused a copy of the foregoing **SEC's Memorandum of Law in Support of Its Motion *in Limine* No. 1** to be served upon the following counsel by the Court's CM/ECF system:

Corey Rubenstein, Esq.
Mark Rotert, Esq.
*Attorneys for Defendant Stephen Ferrone*

                                            */s/ Alyssa A. Qualls*