UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 11-cv-5223 |
| v. | )<br>) HON. JEFFREY T. GILBERT |
| STEPHEN D. FERRONE, et al. | ) |
| Defendants. | ) |

**FINAL PRETRIAL ORDER**

This Final Pretrial Order contains all of the materials required pursuant to this Court's "Standing Order for the Preparation of Final Pretrial Order for Civil Cases Before Judge Gilbert." This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

**I.  Jurisdiction Statement**

This is an action for alleged violations of federal securities laws. The jurisdiction of this Court is invoked pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 [15 U.S.C. §§ 77t(b), 77v(a)], and Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d)-(e), 78aa]. The parties do not dispute jurisdiction.

**II.  Joint Statement of Claims and Defenses (to be read during *voir dire*)**

The plaintiff in this case is the United States Securities and Exchange Commission, which is also referred to as the "SEC." The SEC is an agency of the federal government. The defendant in this case is Stephen Ferrone ("Ferrone"). For some of the time period at issue in this

case, Mr. Ferrone was the President and Chief Executive Officer of Immunosyn Corporation ("Immunosyn"). Immunosyn held the right to market and sell a potential pharmaceutical known as SF-1019. The SEC alleges that defendant Ferrone engaged in fraudulent conduct, including the making of material misrepresentations and omissions, and the aiding and abetting of misrepresentations and omissions in Immunosyn's public statements concerning SF-1019. The SEC alleges that Ferrone violated Section 10(b) of the Exchange Act and Rules 10b-5 and 13a-14 thereunder, and that Ferrone aided and abetted violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder.

Mr. Ferrone denies that he engaged in any fraud as alleged by the SEC. Instead, Mr. Ferrone asserts that he always acted in good faith, that Immunosyn's public filings and statements contained all required disclosures regarding the regulatory status of SF-1019, and that those statements were not misleading.

### III.     Relief Sought by the SEC

The jury trial in this matter is limited to the question of liability. If the jury finds Ferrone liable, the SEC will seek the following relief in subsequent remedies-related briefing:

**A.     Injunctive Relief**: The SEC will seek entry of an Order permanently enjoining Ferrone, his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, from, directly or indirectly, violating Section 10(b) of the Exchange Act and Rules 10b-5 and 13a-14 thereunder, and from aiding and abetting violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder.

**B.     Disgorgement and Prejudgment Interest**: The SEC will seek an Order requiring Ferrone to pay disgorgement of his ill-gotten gains resulting from the illegal conduct

alleged herein, in addition to prejudgment interest.

  C. **Civil Monetary Penalty**: The SEC will seek an Order imposing a civil monetary penalty against Ferrone. The Court will determine the appropriate penalty amount.

  D. **Officer-Director Bar**: The SEC will seek an Order imposing an officer-director bar against Ferrone pursuant to Section 21(d)(2) of the Exchange Act.

**IV.** **Contested Issues of Fact and Law**

  The following is a concise list of the contested issues of facts and/or law:

  1. Whether Ferrone made, or aided and abetting the making of, any false or misleading statements or participated in a fraudulent scheme.

  2. Whether any alleged fraudulent conduct by Ferrone was material.

  3. Whether Ferrone acted with the requisite scienter.

**V.** **Witness Lists and Deposition Designations**

  Please see the attached schedules:

| Schedule | Description |
|---|---|
| A | SEC's Witness List and Ferrone's Objections Thereto |
| B | Ferrone's Witness List and SEC's Objections Thereto |
| C | SEC's Deposition Designations and Ferrone's Objections Thereto |
| D | Ferrone's Deposition Designations and SEC's Objections Thereto |

**VI.** **Exhibits**

  Please see the attached schedules:

| Schedule | Description |
|---|---|
| E | SEC's Exhibit List With Ferrone's Objections to SEC's Exhibits |

| | |
|---|---|
| F | Ferrone's Exhibit List with SEC's Objections to Ferrone's Exhibits |

## VII. Type and Length of Trial

This will be a jury trial. The parties estimate that trial will last approximately 10 trial days.

## VIII. Proposed Findings and Conclusions

Not applicable to a jury trial.

## IX. Proposed *Voir Dire* Questions

Please see the attached proposed *voir dire*:

| Schedule | Description |
|---|---|
| G | SEC's Unopposed Proposed *Voir Dire* |
| H | Ferrone's Unopposed Proposed *Voir Dire* |

## X. Proposed Jury Instructions

Please see the attached proposed jury instructions and jury verdict forms:

| Schedule | Description |
|---|---|
| I | Agreed and Disputed Jury Instructions and Verdict Forms with Objections |

## XI. Stipulations

In addition to any stipulations and agreements reflected in the parties' proposed agreed jury instructions, the parties also stipulate and agree that during the jury trial over Ferrone's

4

liability, neither party will introduce evidence or argument relating to:

1. The criminal actions brought against James Miceli, Douglas McClain Jr., and Douglas McClain Sr. ("McClain Sr."); provided, either party may advise the Court and the other party in advance and out of the presence of the jury to seek agreement or permission to admit such evidence if that party wishes to do so.
2. The filing or lack of filing of Forms 4, as referenced in paragraphs 62-64 of the Complaint.
3. The going private proposed buyback transaction, as referenced in paragraphs 54-60 of the Complaint.
4. The alleged insider trading by others, as referenced in paragraph 61 of the Complaint.
5. The passage of time since the alleged misconduct occurred or since the Complaint was filed, as a reason to find liability or no liability.

Additionally the parties stipulate and agree that the SEC shall be permitted to conduct the examinations of Ferrone and McClain Sr. in the SEC's case-in-chief using leading questions, pursuant to FRE 611(c).

The parties also stipulate and agree that, in the event that the parties' respective objections on the basis of relevance, FRE 403, and/or motion in limine grounds are overruled, the parties will not make objections at trial on foundation, hearsay, and/or authenticity grounds over the following trial exhibits: from Plaintiff's Exhibit List, Exhibits 3, 186, 217, and 241; and from Defendant's Exhibit List, Exhibits 1, 9, 11, 31, and 48.

### XII. Settlement Status

In early 2014, counsel for the SEC and Ferrone engaged in meaningful settlement

discussions. These discussions included a 10-page letter from Ferrone's counsel to the SEC's counsel outlining Ferrone's view of the case and setting forth a settlement proposal. The SEC's counsel responded to this letter with a counter-proposal that the SEC's staff would recommend to the SEC's Commissioners to settle the case. (The SEC's staff does not have authority to settle a case). The parties were unable to come to an agreement at that time. In early 2015, the SEC's counsel and Ferrone's counsel engaged in a telephonic discussion regarding settlement, but this discussion did not result in a significant departure from the parties' 2014 settlement positions and did not result in an agreement on settlement terms. When the parties appeared before the Court in April 2015, the parties discussed their respective settlement positions with the Court, but those discussions did not suggest a likelihood of settlement. Although the parties will continue to maintain flexibility regarding the possibility of settlement, the parties have been unable to reach a settlement despite their good faith efforts to do so.

### XIII. Trial Briefs

Not applicable to a jury trial.

**IT IS SO ORDERED**.

_____
Hon. Jeffrey T. Gilbert
United States Magistrate Judge
Dated: January __, 2016

| | |
|---|---|
| /s/ Eric M. Phillips | Dated: December 17, 2015 |

Eric M. Phillips (phillipse@sec.gov)
Tracy W. Lo (lot@sec.gov)
Alyssa A. Qualls (quallsa@sec.gov)
175 West Jackson Blvd., Suite 900
Chicago, IL 60604
Phone: (312) 353-7390

*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*


| | |
|---|---|
| /s/ Corey B. Rubenstein | Dated: December 17, 2015 |

Mark L. Rotert (mrotert@sdrlegal.com)
Corey B. Rubenstein (cruben@sdrlegal.com)
Stetler, Duffy & Rotert, Ltd.
10 S. LaSalle, Suite 2800
Chicago, IL 60603
Phone: (312) 338-0200

*Attorneys for Defendant Stephen D. Ferrone*