UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 11-cv-5223 |
| | ) | Jeffrey T. Gilbert |
| v. | ) ) | Magistrate Judge |
| STEPHEN D. FERRONE, ET AL., | ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Securities and Exchange Commission's Motion to Allow Out-of-Town Investor Witness to Testify by Live Video at the Trial of the SEC's Claims against Defendant Stephen Ferrone [ECF No. 198] is denied. See Statement below for further details.

## STATEMENT

Plaintiff Securities and Exchange Commission (the "SEC") has moved to allow Robert Sacks ("Sacks"), an investor witness, to testify by live video at Defendant Stephen Ferrone's upcoming trial. Defendant Ferrone objects to the SEC's motion. Under Federal Rule of Civil Procedure 43, a court may permit testimony by contemporaneous transmission from a different location "[f]or good cause in compelling circumstances[.]" FED. R. CIV. P. 43(a). As the Seventh Circuit has noted, "Rule 43(a) continues to embody the presumption that witness testimony shall be taken in open court with the witness being physically present in court . . . ." *Perotti v. Quinones*, 790 F.3d 712, 723 (7th Cir. 2015).

Sacks' declaration [ECF No. 198-1] establishes that he would prefer not to testify in-person because doing so would disrupt his business interests in Nevada. The declaration does not demonstrate, however, that Sacks would suffer any more hardship than the ordinary businessperson who does not want to take time away from his or her work to testify in a federal securities fraud trial. Essentially, the SEC wants the Court to read "good cause" and "compelling circumstances" out of Rule 43 and substitute in their place "inconvenience." But the Advisory Committee's Supplementary Notes to the 1996 Amendment unambiguously state that contemporaneous transmission "cannot be justified merely by showing that it is inconvenient for the witness to attend trial." While live video testimony can be an adequate substitute when there is good cause in compelling circumstances, live in-person testimony is still, as a practical matter, vastly preferable for the jury and cross-examining counsel.

Moreover, the subject matter of Sacks's expected testimony reinforces the importance of in-person testimony in this particular instance. The SEC intends to call Sacks to testify about, among other matters, "whether, if he had known certain facts, his investment decisions would have been impacted." [ECF No. 198, at 3.] That testimony goes to the important issue of materiality in this case. A proper evaluation of Mr. Sacks's anticipated testimony will depend in large part on his credibility. Observations of a witness's demeanor can provide important insights into the witness's truthfulness. See *United States v. Stephens*, 514 F.3d 703, 711 (7th Cir. 2008). And "it is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video [testimony] . . . ." *Perotti*, 790 F.3d at 724 (quoting *Thorton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005)).

The cases cited by the SEC in support of its motion are distinguishable. In *Sallenger v. Springfield*, the witness was an intensive care unit physician whose "employment present[ed] a very unique need for his presence at work." 2008 WL 2705442, at *1 (C.D. Ill. July 9, 2008). Likewise, *Katzin v. United States* involved a doctor whose medical practice would suffer "a significant burden" were he required to testify in-person. 124 Fed. Cl. 122, 125 (2015). Although the Court does not mean to imply that doctors somehow get special treatment under Rule 43, the impact on the witnesses in these two cases of testifying live at trial, a long distance from their places of employment, and the subject matter of those witnesses' testimony under the facts of those cases distinguish those cases from the case at bar.

In *Perotti*, also cited by the SEC, the Seventh Circuit dealt with whether a federal inmate – whose presence at the trial of his civil rights lawsuit presented a security risk – should be physically present at trial or should appear by video. Notably, the U.S. Marshal's Service filed a separate objection to bringing the plaintiff to the courthouse for trial because he had "a history of serious violence, and his transport would require extreme caution." *Perotti*, 790 F.3d at 715.

In *F.T.C. v. Swedish Media Match North American, Inc.*, the judge permitted video testimony because he said that "there is no practical difference" between video and in-person testimony and, consequently, that the Advisory Committee was too hostile to video testimony. 197 F.R.D. 1, 2 (D.D.C. 2000). As explained above, this Court does not agree that video and in-person testimony are functionally equivalent for this witness in this case.

Accordingly, because the SEC has not shown good cause in compelling circumstances, its Motion to Allow Out-of-Town Investor Witness to Testify by Live Video at the Trial of the SEC's Claims against Defendant Stephen Ferrone [ECF No. 198] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 11, 2016