IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Securities and Exchange Commission, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Stephen D. Ferrone, Douglas A. McClain, )<br>Jr., Douglas A. McClain, Sr. )<br>James T. Miceli, Immunosyn )<br>Corporation, Argyll Biotechnologies, )<br>LLC, Argyll Equities, LLC, and Padmore )<br>Holdings, Ltd., )<br>)<br>Defendants. | CASE NO. 1:11-cv-5223<br><br>Hon. Elaine E. Bucklo |

**FINAL JUDGMENT BY DEFAULT AS TO DEFENDANT PADMORE HOLDINGS, LTD.**

This cause comes before the Court upon Plaintiff United States Securities and Exchange Commission's ("SEC" or "Plaintiff") Motion for Default Judgment ("Motion") as to Defendant Padmore Holdings, Ltd. ("Padmore" or "Defendant"). The Court has considered the Motion, the memorandum of law, declarations, and exhibits filed in support of the Motion, and having been fully advised in the premises, finds:

1. That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto;

2. That Defendant Padmore waived service of summons in this action. *See* Docket Entry No. 9;

3. That Defendant Padmore failed to answer or otherwise respond to the Complaint;

4. That the Court properly entered default against Defendant Padmore, pursuant to Fed. R. Civ. P. 55(a), on April 10, 2012. *See* Docket Entry No. 32;

5. That the Court granted in part and denied in part the SEC's Motion in a Memorandum Opinion and Order dated October 21, 2015. *See* Docket Entry No. 189.

6. That entry of a Final Judgment against Defendant Padmore is appropriate under Fed. R. Civ. P. 55(b)(2);

6. That the injunctive relief Plaintiff seeks against Defendant is adequately supported in fact and law;

7. That therefore, the following Order should issue:

## I.

## Judgment By Default

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, pursuant to Fed. R. Civ. P. 55(b), final judgment by default is hereby entered against Defendant Padmore.

IT IS FUTHER ORDERED, ADJUDGED, AND DECREED the Court finds in favor of the Plaintiff on all factual allegations and causes of action asserted by Plaintiff in its Complaint against Defendant Padmore.

## II.

## Permanent Injunction Against Violations of Section 17(a) of the Securities Act

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], by, in the offer or sale of any security, using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

(1)  to employ any device, scheme, or artifice to defraud;

(2)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

### Permanent Injunction Against Violations of
### Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and its agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

### Permanent Injunction Against Violations of Section 16(a) of the Exchange Act and Rule 16a-3 Thereunder

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and its agents, servants, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3] by failing to file timely with the SEC, required statements of changes in beneficial ownership on Form 4.

## V.

### Retention of Jurisdiction

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED** this 14th day of January, 2016.

_____

ELAINE E. BUCKLO