IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN D. FERRONE, et al. <br><br> Defendant. | Civil Action No. 11-cv-5223 <br><br> HON. JEFFREY T. GILBERT |

**THE U.S. SECURITIES AND EXCHANGE COMMISSION'S
MOTION TO ADMIT FDA DECLARATION AT TRIAL**

Pursuant to Federal Rules of Evidence 803(10) ("Rule 803(10)") and 902(11) ("Rule 902(11)"), plaintiff U.S. Securities and Exchange ("SEC") Commission respectfully moves for an order finding the Declaration of Jason Cober, Project Manager in the Office of Program and Strategic Analysis in the Center for Drug Evaluation and Research ("CDER") of the U.S. Food and Drug Administration ("FDA"), is admissible at trial and may be provided to the jury as evidence in this case. (A copy of the Declaration of Jason Cober (hereinafter "Cober Declaration"), is attached hereto as Exhibit A.)

The SEC offers the Cober Declaration to show the absence of records in the FDA record-keeping system, known as "Document Archiving, Reporting, and Regulatory Tracking System" ("DARRTS"), of any record indicating that the FDA ever authorized the use of SF-1019 under an Investigational New Drug Application ("IND") application or for "expanded access," sometimes referred to as "compassionate use." (Cober Decl., ¶ 3.)

In the course of Mr. Cober's duties as a project manager for CDER (whose functions include evaluating new drugs before they can be introduced or delivered for introduction into interstate commerce) (*id.*, ¶ 2), Mr. Cober is familiar with the FDA's DARRTS record-keeping system for applications for FDA approval of new drugs for human use and the FDA's responses to these requests, (*id.*, ¶ 3). Mr. Cober explains that, since July 2006 to the present, it has been the FDA's regular practice to record and preserve in the DARRTS system any requests for human use of new drugs, and to also record and preserve the FDA's responses to these requests, at or near the time at which the requests and responses were made. (*Id.*, ¶¶ 4-6.)

Mr. Cober states, "It is the FDA's regular practice to record and preserve these requests and to record and preserve the FDA's responses to these requests." (*Id.*, ¶ 3.)

He further attests that:

On January 27, 2016, I conducted a diligent search of the FDA's DARRTS system to see if that system contains records indicating that the FDA ever authorized the use of SF-1019 in humans under an investigational new drug application (for either a clinical trial or for expanded access). My search of the DARRTS system included searching the system for the name "SF-1019," as well as the names of sponsors of SF-1019 and persons and companies associated with those sponsors.

My search of the DARRTS system disclosed that the FDA has records relating to SF-1019.

However, my search of the DAARTS system found no records indicating that the FDA has ever authorized the use of SF-1019 in humans under an investigational new drug application (for either a clinical trial or for expanded access).

(Cober Decl., Ex. A, ¶¶ 7-9.)

The Cober Declaration is relevant to this case because it proves that SF-1019 was not approved by the FDA for clinical trials or for compassionate use/expanded access, and the SEC alleges that defendant knew, but failed to disclose these facts.[1]

The Cober Declaration is admissible evidence under Rule 803(1) and Rule 902(11). Rule 803(10) provides that the following is one of the exceptions to the hearsay rule:

> *Absence of a Public Record*. Testimony — or a certification under Rule 902 — that a diligent search failed to disclose a public record or statement if:
>
>   (A) the testimony or certification is admitted to prove that
>
>     (i) the record or statement does not exist; or
>
>     (ii) a matter did not occur or exist, if a public office regularly kept a record or statement for a matter of that kind.

Fed. R. Evid. 803(10). *See U.S. v. Hale*, 978 F.2d 1016, 1020-21 (8th Cir. 1992) (finding the trial court correctly admitted the affidavits of an ATF special agent as to the non-registration of defendant's weapons); *U.S. v. Hart*, 673 F. Supp. 932, 934-35 n.2 (N.D. Ind. 1987) (admitting signed and sealed IRS certification showing that defendant did not file certain tax forms under Rule 803(10), as well as 803(8)(public records hearsay exception)); *Bean v. Hautamaki*, No. 04-C-447-C, 2005 WL 2076418, at *1 (W.D. Wisc. Aug. 25, 2005) (finding admissible under Rule 803(10), the affidavits of Red Granite Correctional Institution Psychology Services showing that there are no medical records indicating plaintiff requested treatment during the relevant time period).

The Cober Declaration meets the requirements of Rule 803(10). To establish, under Rule 803(10), the absence of a report, which would have been regularly made and preserved by a public office or agency, "evidence in the form of a Rule 902 certificate or testimony that a diligent search failed to disclose the report is required." *McDonald*, 905 F.2d at 875. "The

---

[1] The SEC has offered, without success, the defense the opportunity to stipulate to the fact that the FDA did not approve SF-1019 for a compassionate use waiver (i.e., expanded access).

government need not have produced the custodian of records, but it was required to produce some form of proof." *Id.*

Furthermore, the Cober Declaration is a qualifying certificate under Rule 902(11) and is therefore self-authenticating. Rule 902(11) provides that the following is self-authenticating:

> ***Certified Domestic Records of a Regularly Conducted Activity***.
>
> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C),[2] as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.

Here, the Cober Declaration meets the requirements of 902(11) because it is a certificate of a qualified person showing the absence of a record pursuant to business practices, namely:

(A) The FDA records requests for human use of new drugs, and the FDA's responses to these requests, since July 2006 to the present. (Cober Decl., Ex. A, ¶ 3-4);

(B) Such requests and responses are recorded and preserved in the DARRTS system "as part of regularly conducted activity of the FDA." (*Id.*).

(C) This is done at or near the time: (i) when the request is received by the FDA, (*id.*, ¶ 5); and (ii) when the FDA's responses to the request are made, (*id.* ¶ 6).

---

[2] Federal Rule of Evidence 803(6)(A-C) of the business records exception, provides:

**(6) *Records of a Regularly Conducted Activity*.** A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity.

Finally, assuming that defense counsel objects to the introduction of the Cober Declaration to the jury at trial, on the grounds that the defense cannot cross-examine Mr. Cober, the same "is true whenever a hearsay exception is invoked." *U.S. v. Hart*, 673 F. Supp. at 934-35 n.2 (N.D. Ind. 1987). In *Hart*, in admitting an IRS declaration attesting to the absence of certain tax filings, the district court explained:

> The court makes the obvious point that it is impossible to prove a negative without such exceptions as those employed here. The only way the government can show that no returns were filed is to have someone conduct a search and say so.

(*Id.*)

For these reasons, the SEC respectfully requests this Court to grant its motion to find admissible the FDA Declaration as Exhibit A.

WHEREFORE, Plaintiff U.S. Securities and Exchange Commission respectfully requests that the Court grant this Motion and pursuant to Federal Rules of Evidence 803(10) and 902, enter an order finding that the Declaration of Jason Cober is admissible at trial.

Date: February 26, 2016

Respectfully submitted,

U.S. SECURITIES AND EXCHANGE COMMISSION

*/s/ Christine S. Bautista*

Eric M. Phillips
Christine S. Bautista
Tracy W. Lo
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Telephone: (312) 353-7390
Fax: (312) 353-7398

## **CERTIFICATE OF SERVICE**

      I, Christine S. Bautista, hereby certify that, on February 26, 2016, I caused a copy of the foregoing **The U.S. Securities and Exchange Commission's Motion to Admit FDA Declaration at Trial** to be served upon the following counsel by the Court's CM/ECF system:

Corey Rubenstein, Esq.
Mark Rotert, Esq.
*Attorneys for Defendant Stephen Ferrone*

                                            /s/ Christine S. Bautista
                                            Christine S. Bautista