Court's Proposed Revisions to Parties' Claim Instructions

11cv5223 Securities and Exchange Commission v. Ferrone et al

Dated: 4/15/16

FILED
APR 29 2016
MAGISTRATE JUDGE
JEFFREY T. GILBERT

**Court's Proposed Instruction 4.15.16**

### Claim I: Section 10(b) of the Exchange Act and Rule 10b-5

The SEC's first claim is that Mr. Ferrone violated Section 10(b) of the Exchange Act and Rule 10b-5 by making untrue statements of material fact and/or omitting to state material facts in connection with the purchase or sale of a security.

To prove that Mr. Ferrone violated Section 10(b) and Rule 10b-5, the SEC must prove by a preponderance of the evidence each of the following four elements.

***First***, the SEC must prove that Mr. Ferrone directly or indirectly did one or more of the following fraudulent acts:

- employed a device, scheme, or artifice to defraud;
- made an untrue statement of a material fact or omitted to state a material fact necessary in order to make a statement made, in light of the circumstances under which it was made, not misleading, or
- engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person.

***Second***, the SEC must prove that Mr. Ferrone acted knowingly or with reckless disregard for the truth.

***Third***, the SEC must prove that Mr. Ferrone's conduct occurred in connection with the purchase or sale of a security.

***Fourth***, the SEC must prove that Mr. Ferrone used or caused to be used the mails or the means and instrumentalities of interstate commerce, including a facility of a national securities exchange.

If you find that the SEC has proven each of these four elements by a preponderance of the evidence, then your verdict should be in favor of the SEC on this claim. If, on the other hand, you find that the SEC has failed to prove any of these elements by a preponderance of the evidence, then your verdict should be in favor of Mr. Ferrone on this claim.

I will now explain some of these concepts to you in more detail.

### First Element: Materially Fraudulent Acts

A device, scheme, or artifice to defraud is a plan for the accomplishment of any objective. Fraud is a general term that embraces all ingenious efforts and means that individuals devise to take advantage of others. As previously described, the law which Mr. Ferrone is alleged to have violated prohibits all kinds of manipulative and deceptive acts.

To prove that Mr. Ferrone employed a device, scheme, or artifice to defraud, the SEC may prove that Mr. Ferrone has engaged in conduct that had the principal purpose and effect of creating a false appearance of fact in furtherance of a scheme. It is not enough that a transaction in which Mr. Ferrone was involved had a deceptive purpose and effect; Mr. Ferrone's own conduct that contributed to the transaction or overall scheme must have had a deceptive purpose. A device, scheme or artifice to defraud element may be satisfied by making material misrepresentations or omissions, as described below.

The SEC also can prove that Mr. Ferrone committed a fraudulent act by showing that he made an untrue statement of a material fact or omitted to state a material fact necessary in order to make a statement made, in light of the circumstances under which it was made, not misleading. The SEC need not prove that Mr. Ferrone personally made the misrepresentation of a material fact or that he personally omitted a material fact. It is sufficient if the SEC establishes that Mr. Ferrone caused the statement to be made or the fact to be omitted. One of the ways the

2

SEC can prove that Mr. Ferrone caused a statement to be made is by showing that he had ultimate authority over the statement, including its content and whether and how to communicate it.

The SEC must prove that any misrepresentation was untrue at the time that it was made, and that any omission made another statement misleading at the time that the omission occurred.

The SEC must prove that any misrepresentation or omission involved a fact that was material. To show that a stated or omitted fact is "material," the SEC must prove that there is a substantial likelihood that a reasonable investor would consider the fact important in making an investment decision and would view the fact as having significantly altered the total mix of information made available. You must decide whether something was material based on the circumstances that existed at the time of the statement or omission.

The SEC need not prove that Mr. Ferrone made more than one material misstatement or omission. The SEC also need not prove that any particular purchaser or seller of securities actually relied on any alleged material misrepresentations or omissions made by Mr. Ferrone.

### Second Element: State of Mind

As I stated earlier, the second element of this claim requires that the SEC prove Mr. Ferrone acted "knowingly" or with "reckless disregard for the truth." This is sometimes referred to as the required state of mind, or "scienter." It is not enough to show that Mr. Ferrone acted accidentally, merely made a mistake, or engaged in negligent conduct. Rather, the SEC must prove that Mr. Ferrone acted with a mental state embracing intent to deceive, manipulate, or defraud.

To act "knowingly" means to act intentionally and deliberately, rather than mistakenly or inadvertently. ["Deliberate ignorance" also is a form of knowledge. A defendant acts with

3

"deliberate ignorance," and therefore "knowingly," when he either is aware of a high probability of the existence of a fact but purposely contrives to avoid learning that fact, or suspects that a fact is true but refuses to confirm its truthfulness.]

To act with "reckless disregard for the truth" means to engage in highly unreasonable conduct that involves an extreme departure from the standards of ordinary care and presents a risk that either is known to a defendant or is so obvious that a defendant must be aware of it.

A good faith belief by Mr. Ferrone that a statement was true or that an omission was not misleading is inconsistent with a finding that he acted with scienter in making the statement or the omission. Mr. Ferrone does not have to prove that he acted in good faith. Rather, the SEC must prove that Mr. Ferrone acted "knowingly" or with "reckless disregard for the truth."

### Third Element: In Connection with the Purchase or Sale of a Security

As I stated earlier, the third element of this claim requires that the SEC prove that Mr. Ferrone's conduct occurred in connection with the sale or purchase of a security. The "in connection with" requirement is satisfied if you find that there was any connection or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be in connection with the sale or purchase of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

### Fourth Element: Interstate Commerce

As I stated earlier, the fourth element of this claim requires that the SEC prove that Mr. Ferrone, in connection with an untrue or misleading statement or an omission of a material fact, used or caused to be used the mails or the means and instrumentalities of interstate commerce, including a facility of a national securities exchange.

*Reference*: DJI 6

**Court's Proposed Instruction 4.15.16**

### Claim II: Rule 13a-14 of the Exchange Act

The SEC's second claim is that Mr. Ferrone violated Rule 13-a-14 of the Exchange Act. This rule requires the principal executive officer of a public company to provide certain truthful certifications in connection with a company's annual and quarterly reports filed with the SEC.

The certifications at issue in this case are contained in some of Immunosyn's annual reports on Forms 10-K and quarterly reports on Forms 10-Q. The Forms 10-K at issue are those for 2007 and 2008 (which were filed in 2008 and 2009, respectively). The Forms 10-Q at issue are those for the third 2007 fiscal quarter, the second and third 2008 fiscal quarters, and the second and third 2009 fiscal quarters. All of these Forms 10-K and Forms 10-Q were furnished to the SEC with certifications by Mr. Ferrone, as president and CEO of Immunosyn.

There are two certifications in these Forms 10-K and Forms 10-Q that the SEC alleges were false or misleading. First, Mr. Ferrone certified in these forms that, based on his own knowledge, the reports did not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made not misleading. Second, Mr. Ferrone certified in these forms that, based on his own knowledge, the financial statements and other financial information included in the reports fairly presented in all material respects Immunosyn's financial condition, results of operations, and cash flows.

You should consider each statement in the certifications that the SEC alleges was false or misleading in order to determine whether Mr. Ferrone violated Rule 13a-14.

To prove a violation of Rule 13-a-14 of the Exchange Act, the SEC must prove by a preponderance of the evidence each of the following two elements.

*First*, the SEC must prove that Mr. Ferrone filed or caused to be filed the certification.

1

*Second*, the SEC must prove that the certification was false or misleading.

If you find that the SEC has proven each of these two elements by a preponderance of the evidence, then your verdict should be in favor of the SEC on this claim. If, on the other hand, you find that the SEC has failed to prove either of these elements by a preponderance of the evidence, then your verdict should be in favor of Mr. Ferrone on this claim.

*Reference*: DJI 7



**Court's Proposed Instruction 4.15.16**

### Claim III: Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13

The SEC's third claim is that Mr. Ferrone aided and abetted violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13. These provisions require public reporting companies to file with the SEC annual reports on Forms 10-K, quarterly reports on Forms 10-Q, and current reports on Forms 8-K. These provisions also require that the reports include statements providing certain information. Finally, these provisions require that the reports be factually accurate, and that the reports not omit material information necessary to make the required statements, in light of the circumstances under which they are made, not misleading. These provisions may be violated by aiding and abetting a company's filing of false annual, quarterly, and current reports with the SEC.

To prove that Mr. Ferrone violated Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13, the SEC must prove by a preponderance of the evidence each of the following three elements.

***First***, the SEC must prove that Immunosyn filed an annual, quarterly, or current report with the SEC that contained a materially misleading statement or omission.

***Second***, the SEC must prove that Mr. Ferrone generally was aware or knew that his actions were part of an overall course of conduct that was improper or illegal.

***Third***, the SEC must prove that Mr. Ferrone substantially assisted Immunosyn's filing of a materially misleading report.

If you find that the SEC has proven each of these three elements by a preponderance of the evidence, then your verdict should be in favor of SEC on this claim. If, on the other hand,

1

you find that the SEC has failed to prove any of these elements by a preponderance of the evidence, then your verdict should be in favor of Mr. Ferrone on this claim.

I will now explain some of these concepts to you in more detail.

I have previously instructed you on what the SEC must show to prove that something is material. "Material" has the same meaning with respect to this claim. That is, to show that a stated or omitted fact is material, the SEC must prove that there is a substantial likelihood that a reasonable investor would consider the fact important in making an investment decision and would view the fact as having significantly altered the total mix of information made available.

The SEC may prove the second element – that Mr. Ferrone acted with general awareness or knowledge – by showing that Mr. Ferrone's conduct was reckless. That is, the SEC may satisfy its burden by proving that Mr. Ferrone's conduct constituted highly unreasonable omissions or misrepresentations that involved not merely simple or even inexcusable negligence, but rather an extreme departure from the standards of ordinary care where the danger of misleading buyers or sellers was either known to Mr. Ferrone or so obvious that Mr. Ferrone must have been aware of it.

The SEC can prove the third element – that Mr. Ferrone provided substantial assistance – by showing that Mr. Ferrone engaged in affirmative conduct that assisted Immunosyn's filing of an annual, quarterly, or current report with the SEC that contained a materially misleading statement or omission. The SEC also can prove that Mr. Ferrone provided substantial assistance by showing that he remained silent or inactive with the conscious intent to aid Immunosyn's filing of a materially misleading report. To prove that Mr. Ferrone provided substantial assistance, the SEC must show that his affirmative conduct, silence, or inaction was a substantial

2

causal factor in Immunosyn's filing of a materially misleading report. The SEC need not prove that Mr. Ferrone's assistance was the only cause of the violation.

*Reference*: DJI 8



3